■ In the Matter of the Claim of BLODWEN HALLAS, Respondent, v. CARLIN-CRIMMINS-ATLAS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The name of Bart J. O'Rourke is stricken from the appearances noted on the record. Only lawyers may appear for parties in this court. Workmen's compensation representatives who are not lawyers are without right to appear.

■ In the Matter of the Claim of MARGIT KOSMA, Respondent, v. REGINA BLAU et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The name of Vincent Trerotola is stricken from the appearances noted on the record. Only lawyers may appear for parties in this court. Workmen's compensation representatives who are not lawyers are without right to appear.

■ In the Matter of the Claim of GEORGE ALLEN, Appellant-Respondent, and KENNETH A. FISHER et al., Appellants-Respondents, v. NEW WORLD BUILDING CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. In the Matter of the Claim of BUREN PHILLIPS, Appellant-Respondent, and KENNETH A. FISHER et al., Appellants-Respondents, v. CHARLES E. VAGELE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to amend prior decision of this court (10 A D 2d 421) as to awarding of costs as follows: (1) So as to delete New World Building Corporation, Century Indemnity Company and Charles E. Vagele and Howard C. Vagele and the Manufacturers Casualty Insurance Company therefrom and to provide for the awarding of costs solely against the Workmen's Compensation Board, or (2) So as to provide for the awarding of costs jointly against the respondents mentioned above and the respondent Workmen's Compensation Board. The failure of the board to file a brief is not, of itself, determinative. While our decision that the Michigan Mutual Liability Company was not the compensation insurance carrier may be considered adverse as to the other employers and carriers presently assessed the costs, our further order reversing and remitting was against the decision of the board. It therefore seems equitable that they should be included in the assessment of the costs. Accordingly, our prior orders are amended to read as follows: Decision reversed and the matter remitted with one bill of costs to the appellant against respondents New World Building Corporation, Century Indemnity Co., and Charles E. Vagele and Howard C. Vagele and Manufacturers Casualty Insurance Company and the Workmen's Compensation Board.